UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BASES LOADED INVESTING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PETER McDONALD; JOHN AND JANE DOES 1-25,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [8] PLAINTIFF'S MOTION TO REMAND**<br><br>Case No. 2:26-cv-00292-DBB-CMR<br><br>District Judge David Barlow |

Before the court is Plaintiff Bases Loaded Investing, LLC's ("Bases Loaded") Motion to Remand this action back to state court.[1]

## BACKGROUND

This unlawful detainer action was initially filed against Defendant Peter McDonald in Utah state court.[2] In its Amended Complaint, Bases Loaded alleges that "Plaintiffs and Defendants are residents of, or do business in, Utah County, Utah."[3] Plaintiff further alleges that it purchased a certain piece of property in Draper, Utah (the "Property") through a foreclosure sale,[4] that Mr. McDonald was served with notice that he was being evicted from that Property,[5] and that Defendant has not complied with the eviction notice.[6] The Amended Complaint asserts a single cause of action against Mr. McDonald, unlawful detainer.[7] It requests relief in the form of

---

[1] Motion to Remand, ECF No. 8, filed Apr. 29, 2026.
[2] Amended Compl., ECF No. 1-2 at 12–14, filed Apr. 8, 2026.
[3] Id. ¶ 1.
[4] Id. ¶¶ 4–5.
[5] Id. ¶ 7.
[6] Id. ¶ 8.
[7] Id. ¶¶ 9–14.

Mr. McDonald's eviction from the Property, attorney's fees, and treble damages of $310.68 per day beginning on February 20, 2026.[8] On April 8, 2026, Mr. McDonald, proceeding pro se, removed the action to federal court on the basis of diversity jurisdiction.[9] He argues that the parties are diverse and that the amount in controversy exceeds $75,000.[10] Plaintiff contends that the action must be remanded because the parties are all Utah citizens and because the amount in controversy is less than $75,000.[11]

## STANDARD

Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[12] Section 1441 allows defendants to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the corresponding district court.[13] However, if at any time following removal "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" back to state court.[14] "[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence."[15]

---

[8] *Id.* at 13–14.
[9] Notice of Removal, ECF No. 1, filed Apr. 8, 2026.
[10] *Id.* at 2.
[11] Motion to Remand 6–7.
[12] 28 U.S.C. § 1332(a).
[13] 28 U.S.C. § 1441(a).
[14] 28 U.S.C. § 1447(c).
[15] *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

## DISCUSSION

### I.  Diversity of Citizenship

For a federal court to exercise diversity jurisdiction, there must be complete diversity of citizenship between the plaintiff and defendants.[16] "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state."[17] "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely."[18] Here, Plaintiff's Amended Complaint alleges that Plaintiff and Defendants are residents of or do business in Utah.[19] But in his notice of removal, Mr. McDonald asserts that, though he has ties to Utah, he is domiciled in Nevada because he has a residence in Nevada, his family resides in Nevada, and he works in Nevada.[20]

Plaintiff responds that Defendant consistently lists his address as one in Midvale, Utah, both in this litigation and in other court proceedings.[21] Indeed, Mr. McDonald listed the Midvale, Utah address in this case on the required email filing and electronic notification form for unrepresented parties.[22] And in a Utah state court case that Mr. McDonald filed in April 2025, he describes himself as "residing in the state of Utah" and lists the same Midvale, Utah address.[23] Mr. McDonald argues that his use of Utah addresses does not establish that he intends to remain in Utah, but he also provides no evidence that he is domiciled in Nevada beyond bare assertions

---

[16] 28 U.S.C. § 1332(a).
[17] *Middleton*, 749 F.3d at 1200.
[18] *Id.*
[19] Amended Compl. ¶ 1.
[20] Notice of Removal 3.
[21] Motion to Remand 4–5.
[22] Notice of Email Filing and Notification Form, ECF No. 2, filed Apr. 8, 2026.
[23] *See* XChange Screenshot, ECF No. 8-9, filed Apr. 29, 2026; Compl. ¶ 1, *McDonald v. Bank of America*, No. 250401706 (Utah Fourth Dist. Ct. Apr. 14, 2025).

that he has family and another residence there.[24] This is insufficient to show by a preponderance of the evidence that he is not a Utah citizen, especially in light of considerable evidence that he resides in Utah and may be domiciled there.

## II.   Amount in Controversy

Generally, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[25] When a plaintiff contests the defendant's allegation, evidence establishing the amount is required.[26] In its Amended Complaint, Bases Loaded requests possession of the property and treble damages of $310.16 per day beginning February 20, 2026.[27] "Installment payments that accrue after the removal petition do not count toward the amount in controversy requirement."[28] At the time of removal, Plaintiff's requested damages had accrued to approximately $15,000, far less than the $75,000 requirement. Thus, it is clear from the face of the Amended Complaint that the amount in controversy falls below the minimum requirement.

Defendant asserts in his notice of removal that the amount in controversy requirement is satisfied because the value of the ownership and possessory interests in the Property exceed $75,000.[29] He argues that, because he disputes Plaintiff's ownership of the Property, the value of the property is the amount in controversy.[30] But Bases Loaded does not seek title to the Property

---

[24] Opposition to Motion to Remand ("Opp'n") 5, ECF No. 14, filed May 13, 2026.

[25] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

[26] *Id.*

[27] Amended Compl. 13–14.

[28] *LSF6 Mercury Reo Invs. Tr. Series 2008-1 v. Ellertson*, No. 2:10-CV-00640-CW-DN, 2010 WL 5536349, at *2 (D. Utah Dec. 14, 2010), *report and recommendation adopted*, No. 2:10-CV-640 CW, 2011 WL 43243 (D. Utah Jan. 5, 2011).

[29] Notice of Removal 4.

[30] *Id.* at 6; Opp'n 6–8.

in its Amended Complaint. On the contrary, the state court complaint assumes that Plaintiff owns the Property and only seeks to evict Mr. McDonald from the premises.[31] Therefore, the value of the Property does not determine the amount in controversy here.[32]

Mr. McDonald also contends that the right to possess the Property raises the amount in controversy above the minimum requirement.[33] But he provides no evidence showing what the value of such possession may be, only relating it to the value of the property by asserting that the right to possession "is not independent of title."[34] On the other hand, Plaintiff's requested damages, which fall far below the $75,000 threshold, reflect the value of daily possession as a function of fair market rent.[35] Accordingly, Mr. McDonald has not met his burden of showing by a preponderance of the evidence that the amount in controversy requirement is satisfied here.

## III.   Fees

Plaintiff requests attorney's fees incurred as a result of Defendant's removal.[36] Generally, whether or not fees are awarded on remand "should turn on the reasonableness of the removal."[37] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[38] If the court determines that "an objectively reasonable basis exists, fees should be denied."[39] In this case,

---

[31] *See generally* Amended Compl.; *see also* Special Warranty Deed, ECF No. 8-5, filed Apr. 29, 2026 (showing that Plaintiff owns the property).

[32] *See LSF6 Mercury Reo Invs. Tr. Series 2008-1*, 2010 WL 5536349, at *2 (holding that the value of the property does not affect the amount in controversy for diversity jurisdiction purposes in a removed state-court unlawful detainer case); *Powderwood Condo. Ass'n v. Monson*, No. 2:12-CV-379 TS, 2012 WL 4024665, at *1 (D. Utah Sept. 12, 2012) (same).

[33] Opp'n 7–8.

[34] *Id.*

[35] Amended Compl. 14.

[36] Motion to Remand 8.

[37] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 133 (2005).

[38] *Id.* at 141.

[39] *Id.*

fees are not warranted. Though Mr. McDonald failed to present evidence supporting his claimed Nevada citizenship, he averred that he has significant ties to Nevada such that he could plausibly be a citizen there.[40] And Mr. McDonald's belief that the value of the Property is part of the amount in controversy is not objectively unreasonable given that he disputes Plaintiff's ownership of the Property.[41] Thus, Plaintiff's request for fees is denied.

**ORDER**

Plaintiff's [8] Motion to Remand is GRANTED, and its request for attorney's fees is DENIED. The action is remanded to the Fourth Judicial District Court for the State of Utah.

Signed June 22, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[40] Notice of Removal 3.
[41] *Id.*

6